IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN SWIG,<br><br>            Plaintiff,<br><br>   v.<br><br>JON R. ROLOFSON, et al.,<br><br>            Defendants.                                     / | No. C 07-01410 CRB<br><br>**ORDER** |

Now before the Court is plaintiff's application to proceed *in forma pauperis* ("IFP"). A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. See 28 U.S.C. § 1915(a). Nonetheless, a court is under a continuing duty to dismiss a case seeking to proceed without the prepayment of fees whenever it determines that the action "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Here, the Court accepts Plaintiff's representation that he "cannot afford the court costs for this action." His application to proceed *in forma pauperis* is therefore GRANTED. The Court further determines, however, that Plaintiff has failed to state a claim on which relief can be granted.

The complaint contains a good deal of incoherent discussion about the nature of the federal system and the federal government's "policy of cultural genocide" to undermine local control. Nonetheless, there is a discernible political theory at work in Plaintiff's complaint. Namely, he contends that the State of California is not a *bona fide* member of the federal union; that all officers of the State of California are "renegade" officers who have improperly usurped power and perpetuated a fraud among the persons currently living within its putative borders; and that the acts of all California officials are null and void, including the actions of certain judicial officers who ruled against Plaintiff in previous litigation in "so-called" state court. Plaintiff explains his theory as follows:

> In 1870 or 1871 the California legislature commissioned private lawyers or legal scholars to codify the then existing laws of the State. The commissioners exceeded their commission and crafted a Code pertaining exclusively to the Federal Zone enclaves then existent within California. The Code was presented to the legislature in 1872. It was however never enacted into law in accordance with the procedures set forth in the Constitution of 1849. In the eyes of the law this was an is a void and vain act. On January 1st 1873 the legislators went renegade; they followed the Code which was never made law, and in doing so they vacated their offices. They foisted a fraud upon the people, a fraud which continues to this day. All successors to the legislators of 1873 have and do ignore the offices for the State of the union, California.
>
> The present state of affairs in California is the product of historical treachery. The public is deluded into thinking that the present State of California is a continuation of the same State established in 1849 and 1850. To suggest that all State offices are vacant is to go against the grain of common opinion; it is to invite cognitive dissidence. Because of this your plaintiff pleads as-if the defendants and all present day officers would have lawful authority if only they restricted their operations to the Federal Zone enclaves of 1872. This attributed authority is plaintiff's own legal fiction to aid in imparting knowledge of the status quo. Actual authority is non-existent in either venue for the reason that the Code was and is never lawfully and never legally enacted, and is non-existent for the reason that Congress had/has exclusive jurisdiction to legislate for its enclaves in California. To this day no persons enjoy lawful public office in California.

Compl. at 1-2. The consequences that flow from Plaintiff's theory are complex. First, he claims that this Court is not a properly constituted judicial body under Article III of the federal Constitution. Rather, because it is not situated in a properly constituted State, it is a judicial entity created under Article IV, which gives Congress authority to manage foreign territories. (Plaintiff distinguishes between other properly constituted courts, which he calls

1 "United States District Courts," and improperly constituted judicial bodies such as this one, 2 which he calls "District Courts of the United States.") Because Plaintiff views this Court as 3 an improperly constituted judicial body, and one that exists only because of Congress's 4 power to regulate foreign territories, he demands the immediate reassignment of this case to a 5 judge from the International Court of Trade.

6 Second, Plaintiff claims that all legal proceedings in the so-called California courts are 7 null and void. Specifically, he labels the Alameda County Superior Court a "foreign and 8 fictitious court," Compl. at 3, and he criticizes the judges of that and other so-called "state 9 courts" for failing to set aside their judicial oath to the State of California of 1873 and 1879 10 (the one widely recognized as one of the United States of America) and refusing to recognize 11 their solemn judicial obligation to the State of California of 1849 (the one recognized by 12 Plaintiff). Plaintiff thus seeks a declaration from this Court regarding his status and his rights 13 as a "common law man . . . entitled to protection by the State of California of 1850." See 14 Compl. at 3, 16.

15 Third, Plaintiff seeks various forms of relief against three individuals: Jon Rolofson, 16 Elizabeth Rogers, and Pat Sweeten. According to the complaint, Rolofson is a judge and 17 Rogers is a deputy public defender in the unlawful and fictitious entity widely known as 18 California. Plaintiff alleges that these two officials once gave him an opportunity to speak at 19 a public meeting on "cooperative federalism," but claims that when he began to speak, these 20 individuals silenced him and refused to recognize the validity of his political theory. As a 21 result, Plaintiff claims he was forced to bring this lawsuit against them in order to expose 22 their status as "renegade public officers." See Compl. at 5-8. Finally, according to the 23 complaint, Sweeten is a clerk at a Superior Court in Oakland, where Plaintiff has also filed a 24 lawsuit against Rolofson and Rogers in a case that the complaint identifies as "RG 25 05248349." Plaintiff filed this lawsuit to compel Sweeten to enter a default judgment against 26 Rolofson and Rogers in that action, which involves claims for, among other things, false 27 arrest.

28 //

3

The Court finds that Plaintiff's complaint fails to state a claim for relief. Whatever the historical basis for Plaintiff's understanding of California's existential status and his own identity as a "common law man," this Court must follow binding precedent that recognizes the State of California as a sovereign entity within the federal union. See, e.g., Riggle v. State of California, 577 F.2d 579, 581-82 (9th Cir. 1978) (recognizing California's claim of sovereign immunity, and thus implicitly, its good standing within the federal union). The Court therefore finds that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, this action is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: March 20, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2007\1410\order dismissing case.wpd

4